PREET BHARARA
United States Attorney for the
Southern District of New York
By: DOMINIKA TARCZYNSKA
86 Chambers Street
New York, New York 10007
Tel. No.: (212) 637-2748
Fax No.: (212) 637-2686
Email: dominika.tarczynska@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATIRA MEDINA, <br><br> Plaintiff, <br><br> v. <br><br> SARLA KUHSHALANI, MD; HUDSON RIVER HEALTH CARE PEEKSKILL COMMUNITY HEALTH CENTER; RIVERSIDE HEALTH CARE SYSTEM INC.; and ST. JOHN'S RIVERSIDE HOSPITAL, <br><br> Defendants. | 14 Civ. 9091 (KMW) <br><br> **RESPONSE TO PLAINTIFF'S CROSS-MOTION TO REMAND** |

Preet Bharara, United States Attorney for the Southern District of New York, on behalf of defendants Dr. Sarla Kuhshalani and Hudson River HealthCare Peekskill Community Health Center ("Hudson River HealthCare Peekskill") (together, the "Federal Defendants") respectfully submit this response to Plaintiff Katira Medina's "Cross-Motion to Remand and Affirmation in Response to Defendant's Notice of Removal," ECF No. 11. There is a pending motion to dismiss the claims against the Federal Defendants for lack of subject matter jurisdiction, ECF No. 5, which to date Plaintiff has not opposed even though the deadline to do so has expired. Federal Defendants' position with respect to Plaintiff's cross-motion is dependent on the outcome of that motion to dismiss. If Federal Defendants are dismissed from this action, they

take no position on Plaintiff's cross-motion to remand. However, if the action is not dismissed as to the Federal Defendants, they oppose Plaintiff's cross-motion for partial remand.

## BACKGROUND

The factual background of this action is set forth in detail in Federal Defendants' memorandum of law in support of their motion to dismiss, which is incorporated by reference. *See* ECF No. 6 at 1-5. Repeated herein are only those facts relevant to Plaintiff's cross-motion to remand.

Plaintiff brought a medical malpractice action in the Supreme Court of New York State against, *inter alia*, a doctor and health center that were deemed (pursuant to section 224 of the Public Health Service Act, 42 U.S.C. § 233) to be employees of the United States who were acting within the scope of their federal employment for purposes of Plaintiff's claims against them. *See* ECF No. 1 at 23-24 (Certification of Preet Bharara). Plaintiff's action also named as defendants two non-federal parties, Defendants Riverside Health Care System, Inc. and St. John's Riverside Hospital (collectively the "Non-Federal Defendants"). *See* ECF No. 1 at 5-18 (Plaintiff's State Court Summons and Complaint).

Accordingly, on November 14, 2014, Federal Defendants removed the action to this Court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2). *See* ECF No. 1 (Notice of Removal). On November 21, 2014, Federal Defendants moved to substitute the United States as a Defendant for the federal employees and to dismiss the claims against the United States for lack of subject matter jurisdiction because Plaintiff had failed to exhaust her administrative

2

remedies as she was required to do under the Federal Tort Claims Act ("FTCA"). *See* ECF Nos. 5 (notice of motion); 6 (memorandum of law in support).

To date, Plaintiff has not served any response to the motion to substitute and dismiss, even though the response was due on December 8, 2014. *See* Local Civil Rule 6.1(b)(2). Instead, on December 11, 2014, Plaintiff filed a cross-motion to remand the claims against the Non-Federal Defendants back to New York Supreme Court. *See* ECF No. 11-2 at 5.

## ARGUMENT

### I. Federal Defendants Properly Removed the Action to Federal Court.

Federal Defendants properly removed this action from state to federal court pursuant to the Public Health Service Act, 42 US.C. § 233(c), and the Federal Tort Claims Act, 28 U.S.C. §2679(d)(2), both of which provide that, after certification that a defendant was a federal employee acting within the scope of his or her employment, the action "shall be removed" to federal district court. There is no merit in Plaintiff's assertion that the removal was defective because Federal Defendants did not obtain the consent of the other Defendants. The very case that Plaintiff cites in support of her argument rejects such an assertion. *See* ECF No. 11-2 at 5. As the Court explained in *Jacobs v. Castillo*, "the government does not need the consent of the other defendant to effectuate removal under Section 224(c) of the Public Health Service Act and 28 U.S.C. § 2679(d)(2)." 612 F. Supp. 2d 369, 375 (2009). Thus, Plaintiff's argument must be rejected.

### II. If Federal Defendants Are Not Dismissed, the Entire Action Should Remain in Federal Court.

As detailed in the memorandum of law submitted in support of Federal Defendants' motion to dismiss, this Court lacks subject jurisdiction over the claims against the Federal

Defendants because Plaintiff failed to exhaust her administrative remedies as she was required to do under the FTCA.  *See* ECF No. 6 at 7-9.  Since Plaintiff has not filed an opposition to the motion to dismiss, she should be deemed to have consented to dismissal of the claims against the Federal Defendants.  However, if the claims against Federal Defendants are not dismissed, the entire action against all defendants, including the Non-Federal Defendants, should proceed in this Court.

Under the supplemental jurisdiction statute, this Court has "supplemental jurisdiction over all other claims that are so related to claims [over which the court has] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Plaintiff does not dispute that the claims against all of the defendants arise out of the same case or controversy.  Indeed, Plaintiff's cross-motion to remand makes clear that her claims relate to medical treatment allegedly provided to her by all the defendants between March 2010 and January 2012.  *See* ECF No. 11-2 at 2.  Plaintiff's sole argument as to why the claims against the Non-Federal Defendants should be remanded is the assertion that "at least one" of the exceptions in § 1367 applies.  *See id.* at 4.  Plaintiff has failed to provide any explanation as to which of the exceptions would apply or why it should apply.

The *Jacobs* case, which Plaintiff cites in support of this argument as well, involves an analogous situation[1] in which the Court rejected a plaintiff's attempt to partially remand an

---

[1] There is one notable difference between this case and *Jacobs*.  Unlike here, in *Jacobs*, the plaintiff exhausted her administrative remedies and therefore the United States had not moved to dismiss the claims against it for lack of subject matter jurisdiction.  *See Jacobs*, 612 F. Supp. 2d at 375.

action involving federal and non-federal parties. *Jacobs*, 612 F. Supp. 2d at 374-75. There the plaintiff brought medical malpractice claims against federally funded healthcare providers (subject to the Public Health Services Act) and non-federally funded private defendants for an injury that allegedly occurred as a result of medical care she received while pregnant, at birth and after birth. *See id.* at 370. After the United States removed the action to district court, the plaintiff attempted to remand the claims against the non-federally funded healthcare provider defendants back to state court. *See id.* The Court rejected this attempt and retained supplemental jurisdiction over the non-federal defendants, recognizing that the "so-called 'federal' claims [were] identical in substance to the state law claims." *Id.* at 375.

Similarly here, if Federal Defendants' motion to dismiss were to be denied and the claims against the United States were to proceed in this action, all the claims arising out of the medical treatment that is alleged to have caused Plaintiff's purported injury should be tried in the same court. *See Hutchinson v. United States*, No. 01-CV-1198 (ILG), 2004 WL 350576, at *4 (E.D.N.Y. Feb. 20, 2004) (exercising supplemental jurisdiction over state law claims because all claims arising out of the allegedly negligent medical care that was claimed to have caused plaintiff's death should be tried in one judicial proceeding). To hold otherwise would risk inconsistent results and waste judicial resources. *See, e.g., Olmo v. TriWest Healthcare Alliance Corp.*, No. 1:12-CV-258, 2013 WL 633570, at *2 (D. Utah Feb. 19, 2013) (exercising supplemental jurisdiction over claims against non-federal defendants because they "are so related to the claims against [federal defendant] that they are essentially the same controversy. And by

5

hearing all the claims against the Defendants, the court will prevent inconsistent judgments and conserve judicial resources").

## CONCLUSION

For the foregoing reasons, if the Court were to deny Federal Defendants' motion to dismiss for lack of subject matter jurisdiction, Plaintiff's cross-motion for a partial remand should be denied.

Dated: New York, New York
December 24, 2014

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for Defendants Kuhshalani and Hudson River HealthCare Peekskill Community Health Center*

By: /s/ Dominika Tarczynska
Dominika Tarczynska
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No.: (212) 637-2748
Fax No.: (212) 637-2686

6